IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lonnie Bernard Hogan,                    Case No. 3:24-cv-330-JGC

        Plaintiff,

       v.                                          **ORDER**

Stavros Moraitis *et al.*,

        Defendants.

This is a civil rights case. Plaintiff Lonnie Hogan, proceeding *pro se*, has filed a "Complaint for Preliminary Injunction Permanent Injunction and Other Equitable Relief" ("Complaint") in this case against the City of Toledo Building and Inspections Permit Department and Building Inspector Stavros Moraitis. (Doc. 1).

Now pending are Plaintiff's Motion for Preliminary Injunction (Doc. 3); Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2); and Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings. (Doc. 5).

In his Complaint, Plaintiff alleges that he is an African-American pastor and that in 2020, he purchased the Westwood Theater in Toledo as owner of Overseer of Westwood Cathedral of Word and Worship (the "church").

The City of Toledo, through Defendant Moraitis, issued orders to the church to obtain a Certificate of Occupancy under the A-3 Use Occupancy statute. The church currently has a Certificate of Occupancy under the A-1 Use Occupancy statute. The City filed a criminal complaint against the church for violation of Toledo Municipal Code No. 1309.08(a), relating to a change in the occupancy or use of a building, after the church failed to comply with its orders.

The criminal case is currently pending in Toledo Municipal Court and is scheduled for trial in April 2024. *State of Ohio/City of Toledo v. Overseer of Westwood Cathedral of Word and Worship*, Case No. CRB-23-02356 (Tol. Mun. Ct.).

In his Complaint, Plaintiff alleges Defendants violated his constitutional rights and federal law by requiring his church to change to an A-3 Use Occupancy. He contends the City has unevenly and discriminatorily applied its Use Occupancy ordinance to his church, asserting that he "is similarly situated . . . to his white counterpart, Pastor Michael Pitts, and the Cornerstone Church at the Eastwood Theatre, who [was] able to worship in a theatre with an A1 Use Occupancy and were not forced to change the occupancy to A-3." (Doc. 1 ¶ 4). He contends the "evidence in the case will show that the actions of the Defendants are motivated by racial discrimination, and that there is no compelling Governmental interest further by these actions." (*Id*. ¶ 17).

The main relief Plaintiff seeks is injunctive. He asks the Court to "[e]njoin Defendants from proceeding with the underlying State case for Use code violations" until his federal claims are decided; to "[e]njoin Defendants from disturbing the Free Exercise of Religion of the plaintiff and his congregation"; and to "[e]njoin Defendants from Discriminatory and selective enforcement of Occupancy and use codes." (*Id*. ¶ 22). He also asks for compensatory and punitive damages. (*Id*. at 10).

After he filed his Complaint, Plaintiff filed a Motion for Preliminary Injunction, seeking the same injunctive relief he seeks in his Complaint. (Doc. 3). He has also filed a motion to proceed *in forma pauperis*. (Doc. 2). Defendants then filed a "Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings." (Doc. 5).

Defendants argue that this case should be stayed pursuant to the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* abstention, a federal district court is required to abstain from exercising jurisdiction over matters in which a "state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Armco, Inc. v. United Steelworkers of America*, 280 F.3d 669, 681 (6th Cir. 2002) (quoting *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir.1998)).

I find that *Younger* abstention is warranted here. The proceeding involving the propriety of the A-3 Use Occupancy classification to Plaintiff's church is currently pending in state court. *State v. Overseer of Westwood Cathedral of Word and Worship*, Case No. CRB-23-02356.

The state proceeding involves an important state interest. *See, e.g., Carroll*, 139 F.3d 1072 (holding that the district court properly abstained from hearing action brought by rooming house operator against city and city officials alleging constitutional violations and violations of the Fair Housing Act resulting from application of a city ordinance requiring rooming houses to have a separate bathroom in each dwelling unit). And Plaintiff has not persuasively demonstrated "that state procedural law barred presentation" of his federal claims. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Szarell v. Summit Cnty. Court of Common Pleas*, 2019 WL 3946191, at *3 (N.D. Ohio 2019) ("With respect to the third [*Younger*] factor, it is [plaintiff's] burden to demonstrate that she is barred from presenting any federal claim that she may have in the state court proceedings").

## Conclusion

Accordingly, without determining or expressing any opinion as to the merits of Plaintiff's claims, it is therefore ORDERED THAT:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, denied as moot as Plaintiff has already paid the filing fee.

2. Plaintiff's Motion for Preliminary Injunction (Doc. 3) be, and the same hereby is, denied.

3. Defendants' Motion to Dismiss or Stay Proceedings (Doc. 5) be, and the same hereby is, denied in part and granted in part.

4. This action be, and the same hereby is, stayed on the basis of *Younger* pending resolution of the proceedings in *State of Ohio/City of Toledo v. Overseer of Westwood Cathedral of Word and Worship*, Case No. C RB-23-02356 (Tol. Mun. Ct.).

5. The remainder of Defendants' Motion (Doc. 5) is denied as moot.

6. The case will be administratively closed but is subject to reinstatement on the Court's active docket upon notice by Plaintiff following the final resolution of all proceedings and appeals in state court.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge